198

Meeker
v.
Marsh, Ex'r,
&c.

ELIZABETH MEEKER v. JOSEPH MARSH, EXECUTOR OF
ELIZABETH BUTLER.

ON BILL AND PLEA.

If a plea of matter in bar of the complainant's suit be allowed by the court,
and is afterwards proved to be true, the cause is at an end.

A plea to a bill against an executor, for account and payment of a legacy,
"that (on such a day) an account in writing was made out and stated, *be-
tween the defendant, as executor,* &c. and the *complainant as legatee,* under
the will of the testatrix, and upon that account there was a balance still
due complainant of thirteen dollars and six cents, which was then and there
paid by the defendant to the complainant, who thereupon gave a receipt in
full, (setting out the receipt,) and averring that *she read the receipt* herself,
or it was truly read to her by the defendant ; that she was fully *satisfied with
the receipt,* and voluntarily signed it :"—shows with sufficient certainty that
the account stated *was between* the defendant *as executor,* and the complain-
ant *as legatee,* &c. ; but is defective, because all these allegations may be
true, and yet the complainant *may not have been present* when the ac-
count was made out and stated, and may *never have seen and examined it.*
These matters are material.

The defendant allowed to amend the plea in this case in twenty days, or in
default thereof the plea to stand for answer, with liberty to except.

The answer accompanying the plea, expressly denying fraud, and being de-
cidedly in support of the plea, though not *stated* so to be ; this formal
omission may be supplied if the plea is amended.

An averment in such a plea, that the vouchers have been delivered up, is not
necessary ; the delivering up of vouchers on the settlement of an account is
not essential.

When the bill is *for an account,* it is not required that the plea should set out
the account : although this is the proper course when *the account is im-
peached* by the bill.

When all the allegations of the plea being taken as true, do not make out a
full defence ; or when necessary facts are to be gathered by inference alone ;
the plea cannot be sustained.

THIS bill is filed by the complainant as a legatee, under the
last will of Elizabeth Butler, deceased, (the mother of complain-
ant,) against the defendant as executor of said will, for an ac-
count, and payment of what on such accounting may be found
due. By the will, one half of the personal estate is bequeathed
to the complainant ; and the bill charges, that after paying the

debts and expenses, there remains a large balance in the hands of the executor, and that he refuses to come to any account, or to pay over to the complainant her share of said balance. It is further charged, that if any receipt has been given by the complainant for her share, that the same has been fraudulently obtained, and must have been signed by her without reading it, in confidence of the honesty of the defendant, and supposing it to be a receipt for money on account of the said share.

To this bill the defendant has pleaded, substantially, that on the 11th of August, 1826, an account in writing was made out and stated between the defendant as executor, and the complainant as legatee under said will; and upon that account there was a balance still due to complainant of thirteen dollars and six cents, which was then and there paid by the defendant to the complainant, who thereupon gave a receipt in full in the words following :—

"Perth Amboy, Aug. 11, 1826. Received of Joseph Marsh, executor of the estate of Elizabeth Butler, deceased, thirteen dollars and six cents, in full for the balance due me on account of said estate. Elizabeth Meeker."

The plea then avers that the account is just and true, and that the complainant at the time read the receipt in full, or it was truly read to her by the defendant, and she was satisfied with it, and signed it voluntarily : that the same was bona fide and valid; and the fraudulent and undue procurement of the receipt is expressly denied. The plea is accompanied with an answer apparently in support of the plea, and expressly denying the fraud charged.

*W. Chetwood*, for the defendant. The object of the bill is, simply to obtain an account, and payment of the legacy. It does not set out an account, and charge a mistake : it contemplates a receipt in full having been given, and charges, that if such receipt was given, it was unduly obtained. The answer denies the alleged fraud : this is all that is necessary. It is sufficient in the answer to deny the allegations of the bill.

The matters set out in the plea, must now be taken as true. We come before the court on the sufficiency of the plea. If it is

sufficient, the complainant may still take issue upon it. I take the plea to be sufficient in form and substance, and, if proved, a bar to all the relief sought for under the bill. The plea sets forth, that at a particular time an account was stated between the parties; that a balance was due, which was paid, and a receipt given by the complainant for the balance due on account of said estate; and the receipt is set forth. This I consider all-sufficient. When an account is sought for, an account stated is a good plea in bar, unless the complainant points out specific errors or charges of fraud in the stating of the account: neither of which is done in the present bill: *Wheat. Dig.* 68, *tit. Matter of Account; Coop. E. P.* 277—9; *Mitf. P.* 208; 4 *Cran. R.* 306; 3 *Atk. R.* 399.

*O. S. Halsted,* for the complainant. We do not contend that an account stated is not a bar, when well pleaded: but put ourselves on the ground, that no account of that estate was ever rendered to the complainant. We could not therefore point out particular errors.

We consider the plea in this case defective in form and substance. A plea must aver all the facts necessary to render it a complete equitable defence: *Beam. P. E.* 24. The plea of a stated account should *aver*, that the complainant and defendant did make up, state and settle an account. It must aver, that it was an account of the estate of which an account is sought, and of all matters relating thereto. It must state that the complainant, after examination, approved of the account. It must show that the account was final, and aver that it is just and true: 2 *Newl. C. P.* 132; 2 *Sch. and Lef.* 726; *Beam. P. E.* 230; *Coop. E. P.* 277, *n.* 1.

This plea is a departure from the precedents. It does not allege that it was an account in relation to this estate. There is an allegation that the same account is just and true; but what account, is not stated. It does not state by whom the account was stated; or allege that the complainant ever saw the account. It states that the receipt was read, but not the account. It should have averred that the vouchers were delivered up, although this point, perhaps, is not fully settled: 4 *Price's Ex. R.* 4; *Beam.*

*P. E.* 236. And should not the plea set out the account stated: 1 *Atk. R.* 1; 2 *Sch. and Lef.* 728. If the account was given, the plaintiff might amend his bill; otherwise manifest fraud might be committed. If the plea is allowed, we must take issue on it, and if the facts as stated are proved, the suit is at an end: *Beam. P. E.* 325. If, therefore, the subject matter is good, we want the proper facts stated, that we may meet and controvert them. Again, we think that the plea of a simple receipt, not under seal, is not good: that it can only be pleaded as an account, stated, with all necessary averments. In these respects we consider the plea deficient.

There are several objections to the form of the answer. When an answer is put in in support of a plea, it must be stated to be made for that purpose: 1 *Turn. P. C.* 23; 2 *Newl. P. C.* 127-8; *Beam. P. E.* 53. This answer purports to be an answer to the residue of the bill only: we insist that the plea ought to be overruled.

*Mr. Chetwood*, in reply. As to the objection taken to the answer:—An answer may be *in support of a plea*, without containing an express allegation to that effect. It is sufficient if, in the answer, the defendant *saves* all benefit of the plea. The answer in this case must be considered in support of the plea, inasmuch as it contains an averment in relation to the manner in which the receipt was obtained, directly applicable to the subject matter of the plea.

If the plea can be sustained upon principle, it need not conform precisely to the precedents: *Beam. P. E.* 231. It is not necessary that the delivering up of vouchers to the party should be averred. It may be proper to aver it when it has taken place; but not otherwise. Neither is the defendant obliged to set out the stated account, or annex it to the plea; save only when the complainant's bill admits that there is such an account, and seeks to impeach it: *Coop. E. P.* 279. This bill is not of that description; it only seeks to obtain an account. I admit that the plea must contain all the facts necessary to constitute an equitable defence. The precedent in *Beam.* is intended to meet a complicated case. This is not such a case. It is the

Jan. 1831.

Meeker
v.
Marsh, Ex'r.
&c.

claim of a single legatee, against the executor, for her legacy under the will: nothing else connected with it, and no other party concerned. The plea meets this case: it sets out that an account was made out and stated *between these parties,* in their respective capacities of executor and legatee; that upon that account there was a balance due the complainant; which was paid, and a receipt given by the complainant in full for the balance due her on account of said estate; and the receipt itself is set out, *in hæc verba.* Nothing could be more explicit than the receipt, which forms part of the plea. Does not the plea, then, contain all the facts necessary to constitute an equitable defence? To me it appears that nothing more could be required.

THE CHANCELLOR. Two questions are raised: 1. Whether the plea is good in form and substance. 2. Whether it is supported by the answer.

On hearing this case, I was inclined to the opinion that the plea was substantially, though not formally correct, and that it should be allowed. Further examination has satisfied me that at least one of the exceptions urged by the complainant's counsel is well taken. The plea is drawn, apparently, without attention to the most approved precedents. Such is the peculiar nature of this kind of pleading in equity, that a court should always be careful to see that it sets forth plainly and explicitly every matter necessary to constitute a complete defence and bar to the complainant's claim. For if the plea be allowed by the court as correctly pleaded, and is afterwards proved, the cause is at an end. The allowance of a plea, says Ld. Redesdale, is as complete a judgment against the claims of the plaintiff, as can be given on the most solemn and deliberate hearing of the cause on the pleadings and proofs, provided the truth of the plea be established by evidence: 2 *Scho. and Lef.* 725, *Roche* v. *Morgell.*

The exception, that the plea does not sufficiently allege that the account stated between the parties was in relation to the claims of the plaintiff as a legatee under the will of Elizabeth Butler, deceased, is not sustainable. The plea alleges that the account stated was "between this defendant, as executor of the said Elizabeth Butler, deceased, and the complainant, as one of the legatees or persons entitled under the said will of Elizabeth

Jan. 1831.

Meeker
v.
Marsh, Ex'r,
&c.

Butler, deceased; and upon that account there was a balance," &c. This is deemed to be sufficiently certain.

Another exception, that the plea does not allege the vouchers to have been delivered up on the settlement, is too fastidious. Where such delivery up has in fact taken place, the averment may very properly be made in a plea of this nature; yet such an averment is not necessary, and for the plain reason, that the delivery up of vouchers on the settlement of an account is not held to be essential: *Mitf.* 211; *Coop. Eq.* 280; *Willis* v. *Jernegan*, 2 *Atk.* 250; *Wharton* v. *May*, 5 *Ves.* 27; *Beam. P. E.* 230, 231.

Nor is it required, when the bill is for an account, that the plea should set out the account. This is the proper course when the account is impeached by the bill: *Mitf.* 211; *Coop.* 279; *Beam's Pleas*, 230.

But the principal objection to the plea is, that it does not state *that the complainant and defendant made up, stated and settled an account in writing; and that the complainant, after examination, approved of said account.* These allegations are to be found in all the precedents, and appear to me important. The plea states, that on the day therein mentioned, "an account in writing was made out and stated between this defendant, as executor of the said Elizabeth Butler, deceased, and the complainant, as one of the legatees or persons entitled under the said will of said Elizabeth Butler, deceased; and upon that account there was a balance still due the complainant of thirteen dollars and six cents, which balance was then and there paid," &c. It further states that the complainant gave a receipt, which she read herself or the same was truly read to her by the defendant; that she was fully satisfied with the receipt, and voluntarily signed it, &c. Now all this may be true, and yet the complainant may not have been present when the account was made out and stated, and may never have seen or examined it. In these particulars, I consider the plea faulty. When all the allegations of the plea, being taken as true, do not make out a full defence, the plea cannot be sustained. These matters appear to me material, and I cannot feel at liberty to allow a plea in which there are such important omissions, or from which necessary facts are to be gathered from inference alone.

But I am not disposed, even on these grounds, to overrule the plea. I feel bound to believe that these omissions are accidental and not intentional, and that they can readily be supplied; and, under this impression, I shall do as was done by Ld. Eldon, in *Bayley* v. *Adams*, 6 *Ves.* 586; and by Ch. Kent, in *Allen* v. *Randolph*, 4 *J. C. R.* 697; allow the defendant to amend his plea in these particulars, if he shall request so to do. The amendment is to be made in twenty days, and a copy furnished the plaintiff's solicitor, free from expense; and in default thereof, the plea is ordered to stand for an answer, with leave to the complainant to except to it.

On the second question, I am of opinion that the answer is decidedly in support of the plea, though not stated so to be. This formal omission may be supplied if the plea is amended.